MANUFACTURERS TRUST COMPANY OF NEW YORK, PLAINTIFF-APPELLEE, v. MAX WECHSLER, DEFENDANT-APPELLANT.

Decided October 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER, and BODINE.

For the defendant-appellant, *Cohen & Klein.*

For the plaintiff-appellee, *John D. Craven.*

PER CURIAM.

The plaintiff brought suit on a note purchased for value and before maturity made by the Mohawk Metal Toy Company, Incorporated, of which the defendant, Max Wechsler, was president, to the order of The Ferdinand Strauss Corporation endorsed both by the payee and Wechsler individually. The note was duly protested for non-payment and notice of dishonor was given to all save the endorser, Max Wechsler, who is the defendant in this action.

It appears that prior to maturity of the note Wechsler, a creditor, filed a petition in insolvency in the United States District Court against the Mohawk Metal Toy Company, Incorporated, seeking the appointment of a receiver and alleging insolvency. The court below held the act of Wechsler an implied waiver of notice of dishonor under section 109 of the Negotiable Instrument act adopted in this state. The answer was struck and summary judgment entered. Section 26 of the Practice act.

It is to be noted that the endorser Wechsler, when he filed

the receivership bill in the United States District Court alleging under oath insolvency, put it beyond the power of the corporate maker of which he was president to meet the note at maturity. Further, he knew before maturity that an injunction procured at his instance made it impossible for the maker to pay the note. He knew, therefore, that the note would not and could not be met because of his acts. Such conduct constituted a waiver of notice. *O'Bannon Co.* v. *Curran,* 129 *App. Div.* 91.

Some question is raised as to the lack of proof of plaintiff's title to the note. On this point the proofs do show that the Ferdinand Strauss Corporaion was a regular customer of the plaintiff and upon the endorsement in its corporate name made by its vice-president the note was discounted and the proceeds placed to its credit. This is enough.

The judgment will be affirmed.